IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**ALVIN K. HARRIS, et al.,**

        Plaintiffs,

    v.                         CASE NO. 16-3068-SAC-DJW

**CORRECTION CORPORATION OF
AMERICA LEAVENWORTH DETENTION
CENTER, et al.,**

        Defendants.


**MEMORANDUM AND ORDER**

This pro se civil rights complaint was filed under 28 U.S.C. 1331 and *Bivens*[1] by an inmate at the Leavenworth Detention Center in Leavenworth, Kansas ("LDC"), which is a private prison operated by the Correctional Corporation of America ("CCA"). In the complaint Harris complains that his constitutional rights to practice his religion and equal protection are being violated in that he is not provided a Kosher diet containing meat, poultry, fish, real dairy products, fresh fruits and vegetables like general-population inmates. He seeks a preliminary[2] and permanent injunction requiring defendants to provide a proper

---

[1] *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

[2] Plaintiff has not filed a proper Motion for Temporary Injunction setting out facts demonstrating the existence of the four factors he must show in order to be entitled to this extraordinary relief.

1

and healthy non-vegetarian Kosher diet to Jewish inmates and to refrain from retaliating for this lawsuit.[3]

Alvin Harris is the only plaintiff that properly filed the original complaint in this action. The only signature on the requisite "Declaration under Penalty of Perjury" at the end of the complaint is his. Harris listed five other CCA inmates in the caption: Justice, Gross, Robinson, Morris and Whitehurst. He also attached a page listing the signatures of these five inmates along with that of an a sixth: Daniels. The court finds that no inmate other than Harris properly filed and verified the original complaint. Thus, Mr. Harris did not effectively add any other inmates as plaintiffs in his lawsuit. The court dismisses these putative additional plaintiffs from this action[4]

---

[3] Mr. Harris named the following defendants: CCA/LDC, Warden and Assistant Warden at the CCA/LDC, and "Food Supervisor D. Hartley. He alleges that Jewish inmates "need to keep Kosher" in order to practice their religion. He further alleges that at the LDC/CCA "we are being forced" to convert to a vegetarian diet and "soy-based" milk with artificial sweeteners but are entitled to "the same or similar foods as population," which receives meat, turkey, chicken, real milk, cheese and other dairy products. Plaintiff asks the court to issue an injunction requiring defendants to provide individuals of the "Jewish faith group" that "eat Kosher" the same or similar foods as are provided to population inmates. He also claims there are "concerns" and fear among inmates of being harassed or transferred and on this basis seeks a temporary restraining order to protect "all named Jewish inmates" against retaliation.

[4] Only a couple of the inmates listed throughout the filings in this case have submitted motions to proceed without prepayment of fees on court-approved forms together with the financial information required by federal statute. The court denies leave to all putative plaintiffs, and declines to assess a filing fee against any of them. This court in the past has required each inmate that properly executes a civil rights complaint to individually satisfy the statutory filing fee of $350.00. This court generally has not allowed a multiple-plaintiff action to proceed upon the payment of a single

and considers the original complaint as filed by Alvin Harris only.

To the extent that this court is required to rule on class certification without an adequate motion by plaintiff before it, the court denies class certification in this action. The party seeking to certify a class bears the burden of proving that the requirements of Rule 23 of the Federal Rules of Civil Procedure have been satisfied. See *Reed v. Bowen*, 849 F.2d 1307, 1309 (10th Cir. 1988). Plaintiff added "Class Action" to the title "Prisoner Complaint" and included a list of putative plaintiffs' names in the caption followed by "all others simularly (sic) situated et al." Plaintiff did not file a proper Motion to Certify this lawsuit as a Class Action with his complaint. Nor did he allege sufficient facts in his complaint to establish the prerequisites for class action certification set forth in Rule 23(a)-(b) of the Federal Rules of Civil Procedure. For example, this court has generally held that a pro se inmate is not a suitable class representative, and the filings of Mr. Harris do not convince the court that he can fairly and adequately protect the interest of the class. See Rule 23(a)(4). Similarly, the filings by other inmates in this case plainly portend "likely

---

fee. Instead, each plaintiff is obliged to satisfy the full filing fee based upon language in 28 U.S.C. 1915 including that "if a prisoner brings a civil action . . . , the prisoner shall be required to pay the full amount of the filing fee."

difficulties" if the putative inmates who have separately asserted representative status are allowed to "manage" this matter as a class action. See Rule 23(b)(3)(D). Furthermore, the court has no information before it indicating that each putative class member prosecuting a separate action "would create a risk of" inconsistent adjudications or incompatible standards. See Rule 23(b)(1)(A). On the other hand, the court does not believe that an adjudication of the claims with respect to an individual inmate would "substantially impair or impede the ability of other inmates to protect their similar interest. See Rule 23(b)(1)(B). Moreover, no individual circumstances of the putative plaintiffs and certainly none of "all similarly situated" inmates are described in the complaint. After the complaint was filed, various inmates have submitted copies of their grievances, but these batches of exhibits are not proper amended complaints by any means. It is not the court's obligation to parse these batches of papers to supply factual allegations missing from plaintiff's complaint. In addition, the complaint alleges no facts whatsoever as to the number of inmates in the putative class, and the number of putative plaintiffs' names has varied with nearly every subsequent filing. See Rule 23(a)(1). The court further finds that plaintiff's claims for relief lack sufficient specificity. He

seeks all natural foods and more non-vegetarian dishes and avoidance of conversion to soy-based foods. These allegations do not provide adequate content as to what plaintiff's preferences might entail for an entire class of inmates. See *Shook v. Board of County Commissioners of County of El Paso*, 543 F.3d 597, 606 (10th Cir. 2008). Plaintiff's own grievances suggest that employees at the CCA are providing some fruits and veggies and that some Kosher products may be purchased. Thus, some individual Jewish inmates may be experiencing different circumstances with regard to alleged dietary deficiencies than plaintiff. Certainly, plaintiff's general claims for relief, which include that the court issue an injunction requiring defendants to provide "same or similar foods to Jewish individuals who eat Kosher" and at the "very least" provide "Meal Mart Koshers" or "My Own Meals" do not amount to a description in "reasonably particular detail" that would allow the court to "conceive of an injunction" satisfying the specificity requirements set forth in FRCP Rule 65. *Id*. In summary, plaintiff having simply written Class Action on his complaint did not transform this matter into a class action, and his allegations in the complaint do not satisfy the class certification requirements in Rule 23.

The court dismisses this action upon screening the original complaint under 28 U.S.C. § 1915(e)(2)(B)(a court shall dismiss any claims in a complaint filed in forma pauperis if they are frivolous, malicious or fail to state a claim upon which relief may be granted.). See also 28 U.S.C. § 1915A(a) and (b). While this court has jurisdiction over actions "arising under the Constitution" pursuant to 28 U.S.C. § 1331, plaintiff must also show the existence of a remedy by stating a claim for relief or a "cause of action" in federal court. *Minneci v. Pollard*, 132 S.Ct. 617 (2012). Plaintiff does not have a cause of action or claim under *Bivens* for alleged violations of his First Amendment or Equal Protection rights against any of the named defendants for several reasons. First, the Supreme Court has not implied a cause of action under *Bivens* for First Amendment or Equal Protection violations. See *Wilkie v. Robbins*, 551 U.S. 537 (2007)("We have . . . held against applying the *Bivens* model to claims of First Amendment violations by federal employees.") [5] Second, the only remedy available in a *Bivens* action is an award of money damages. Plaintiff requests injunctive relief and does

---

[5] To date, the Supreme Court has implied this remedy in only three contexts: (1) unreasonable search and seizure in violation of the Fourth Amendment, *Bivens*, 403 U.S. at 397; (2) employment discrimination in violation of the Due Process Clause, *Davis v. Passman*, 442 U.S. 228, 234, (1979); and (3) Eighth Amendment violation by prison officials, *Carlson v. Green*, 446 U.S. 14, 21 (1980). See *Arar v. Ashcroft*, 585 F.3d 559, 571 (2nd Cir. 2009)("In the 38 years since *Bivens*, the Supreme Court has extended it twice only.").

not seek damages. Thus, he states no claim for relief under *Bivens*. Third, plaintiff has no cause of action under *Bivens* against defendant private corporation LDC/CCA. In *Bivens*, the United States Supreme Court recognized an implied federal cause of action for damages against individual federal agents arising out of their violation of Fourth Amendment rights. *Bivens*, 403 U.S. at 389. After *Bivens*, the Supreme Court declined to extend *Bivens* liability to a private corporation operating under contract with the Bureau of Prisons. *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 63, 71-73 (2001). In *Malesko*, the United States Supreme Court specifically held that a *Bivens* action does not lie against a private corporation that manages a private prison facility. *Id.* Fourth, plaintiff states no claim against the LDC. The LDC is a private prison facility. It is not an individual person against whom a claim of constitutional violation may be asserted or who could implement an order granting an injunction.

Finally, the Supreme Court in *Bivens* provided a remedy against federal agents or employees, not against private employees of a private corporation. The individual defendants in the instant case were employees of the CCA and are not shown to have acted under either federal law or state law despite plaintiff's claim of state action. *Bivens* liability does not

7

extend to private employees. *Minneci*, 132 S.Ct. at 623; see also *Peoples v. CCA Detention Centers*, 422 F.3d 1090, 1101 (10th Cir. 2005)(no cause of action for damages under *Bivens* against a private prison or its employees for alleged constitutional deprivations, when alternative state causes of action for damages are available). *Minneci*, as well as the Tenth Circuit's ruling in *Peoples,* are controlling here. In *Minneci* the Court held:

> where, as here, a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law. We cannot imply a Bivens remedy in such a case.

*Id.* at 626.[6]  The Supreme Court also observed as follows:

> We have found specific authority indicating that state law imposes general tort duties of reasonable care (including medical care) on prison employees in every one of the eight States where privately managed secure federal facilities are currently located. (citations omitted).

---

[6] They reasoned that "a critical difference" between cases where *Bivens* liability applied and those where it did not was "employment status," i.e., whether the defendants were "personnel employed by the government [or] personnel employed by a private firm." *Minneci*, 132 S.Ct. at 623 (emphasis in original). The Court also rejected the argument that private actors performing governmental functions should be considered federal agents for the purposes of *Bivens* liability. *Id.* at 623-24. See *Yorzinski v. Imbert*, 39 F. Supp. 3d 218, 223-24 (D. Conn. 2014).

*Id.* at 625. "[I]n general, state tort law remedies provide roughly similar incentives" for potential defendants to comply with constitutional rights "while also providing roughly similar compensation to victims of violations." *Id.* In fact, Kansas is another state whose tort law reflects the "general principles of tort law" recognized in *Minneci* and set forth in the (Second) Restatement of Torts §§ 314A(4), 320 (1963-64). The Tenth Circuit had already held in *Peoples*, 422 F.3d at 1108, that "under *Malesko*, federal prisoners have no implied right of action for damages against an employee of a privately operated prison under contract with the United States Marshals Service when state or federal law affords the prisoner an alternative cause of action for damages for the alleged injury." See also *Lindsey v. Bowlin*, 557 F.Supp.2d 1225, 1230 (D.Kan. 2008)(same). Plaintiff has remedies for injunctive relief against private corporation employees in state court under general tort law and negligence law. See e.g., *Schmidt v. HTG, Inc.*, 265 Kan. 372, 961 P.2d 677, 693 (1998); *Honeycutt v. City of Wichita*, 251 Kan. 451, 836 P.2d 1128, 1136 (1992)). The Supreme Court held in *Minecci* that the "ability of a prisoner to bring state tort law damages action against private individual defendants means that the prisoner does not "lack effective remedies." *Id.* at 623 (citing *Malesko*, 534 U.S. at 72). They reasoned that in "the

case of a privately employed defendant, state tort law provides an 'alternative, existing process' capable of protecting constitutional interests." *Id.* (citing *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007)). They explained that, even if "state tort law may sometimes prove less generous than would a *Bivens* action," this fact is not "sufficient basis to determine state law inadequate." *Id.* at 625 ("State-law remedies and a potential Bivens remedy need not be perfectly congruent," and "federal law as well as state law contains limitations."). Plaintiff's remedy for claims against CCA employees, if any, is an action in state court for negligence or other misconduct. See *Peoples*, 422 F.3d at 1104-05 (individual CCA defendants owed a duty to protect to plaintiff that if breached, would impose negligence liability); *Lindsey*, 557 F.Supp.2d at 1225)(Kansas law generally provides an inmate with a remedy against CCA employees for negligence and for actions amounting to violations of federal constitutional rights.); see also *Menteer v. Applebee*, 2008 WL 2649504, *8-*9 (D.Kan. June 27, 2008)(plaintiff's state law negligence claim found to be equally effective, alternative cause of action to *Bivens* claim). Plaintiff also has a remedy under K.S.A. 60-1501. In Kansas, a prisoner may attack the terms and conditions of his or her confinement as being unconstitutional through a petition filed

under K.S.A. 60-1501. *Jamerson v. Heimgartner*, 326 P.3d 1091, *1 (Kan.App. June 20, 2014, unpublished). Because plaintiff has an alternative cause of action against the defendants pursuant to Kansas state law, he is precluded under *Minecci* and *Peoples* from asserting a *Bivens* action in federal court against the defendant private employees in their individual capacities. *Crosby v. Martin*, 502 Fed.Appx. 733, 735 (10th Cir.2012).

Plaintiff's allegations in his complaint do not present any other ground for a cause of action in federal court, such as federal statutory law or diversity jurisdiction.

The court denies all pending motions. Since the court issued deficiency notices, various CCA inmates have submitted a variety of papers and motions in this case, including some seeking to amend, a supplement, declarations, a letter, and "supplemental Addendum." The 14 filings submitted thus far were not all signed and filed by Mr. Harris[7] or by all plaintiffs listed in the caption. None of these filings has served to satisfy the statutory filing fee prerequisites for every

---

[7] On May 9, 2016, Mr. Justice, not Mr. Harris, reported in a filing submitted by him that Mr. Harris had been transferred out of the LDC. Later Mr. Gross stated in his filing that Harris is gone from this lawsuit. Mr. Harris has not filed a notice of voluntary dismissal. Thus, he remains the plaintiff in this case. That said, it also appears that Mr. Harris has failed to prosecute this case. Mr. Harris has never notified the court of a change of address even though the BOP inmate on-line locator indicates that he was transferred to the United States Penitentiary in Leavenworth, Kansas. Mr. Harris has clearly failed to manage filings submitted after his complaint.

individual listed as a plaintiff in the caption,[8] and none has satisfied the Rule 23 class action prerequisites. In short, the additional filings in this case are a morass of disconnected papers. The court is not obliged to untangle these filings and will not individually address the myriad requests they attempt to present or the procedural issues to which they give rise. Instead, the court has dismissed this action and denies all pending motions mostly as moot.[9] In the court's opinion, this is the best resolution of this lawsuit at this time. The dismissal of this action is without prejudice. This means that each putative plaintiff and class member is free to file his own individual complaint on court-approved forms for filing an action under 28 U.S.C. § 1331 describing his own circumstances and claims for relief. However, any such filer is strongly cautioned that the complaint filed by Mr. Harris in this case is defective for reasons explained above, including that it fails to state a cause of action under *Bivens*. It follows that any

---

[8] Mr. Justice and Mr. Whitehurst have each filed an individual IFP motions and a certified statement containing their financial information.

[9] None of the filings submitted after the original complaint is a proper Motion to Amend Complaint with a complete Amended Complaint attached, and thus the original complaint has not been properly amended. In order to add or dismiss any claim, party, or significant allegation that was not presented in the original complaint, the plaintiff must submit a complete Amended Complaint. See Fed.R.Civ.P. Rule 15. An Amended Complaint completely supersedes the original complaint, and therefore must name all parties in the caption and contain all claims and allegations that the plaintiff intends to pursue including those raised in the original complaint. Any claims not included in the Amended Complaint shall not be considered. The Amended Complaint must be submitted upon court-approved forms.

putative plaintiff or class member who files a new individual complaint in federal court must have cured these defects in their complaint or it will be dismissed for the same reasons.

Plaintiff filed a Motion for Appointment of Counsel with his complaint, and subsequent similar motions have been submitted by other inmates. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). There is clearly no right to counsel to litigate a case that fails to state a cause of action.

**IT IS THEREFORE BY THE COURT ORDERED** that certification of this case as a class action is denied, and that this action is treated as brought by plaintiff Alvin Harris only.

**IT IS FURTHER ORDERED** that this action is dismissed and all relief is denied, without prejudice, for failure to state a claim for relief under *Bivens*.

**IT IS FURTHER ORDERED** that all pending motions (Docs. 2-4, 11, 13-16, 18-21) are denied as moot with plaintiff's Motion to Appoint Counsel (Doc. 4) also denied because the complaint fails to state a cause of action.

The clerk is directed to send § 1331 forms, instructions and IFP forms to plaintiff and to all inmates whose names appeared in the caption of the complaint.

**IT IS SO ORDERED.**

**Dated this 24th day of October, 2016, at Topeka, Kansas.**

                                      **<u>s/Sam A. Crow</u>**
                                      **U. S. Senior District Judge**